**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ESTHER ITIAFA GODIS,

Petitioner,

v.

RICHARD K. JONES, et al.,

Respondents.

Case No. 1:26-CV-977

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court on the Petition for a Writ of Habeas Corpus, pursuant to § 2241, (Doc. 1), and Emergency Motion for a Preliminary Injunction, (Doc. 2), filed by Petitioner Esther Itiafa Godis. Respondent Richard K. Jones has filed a Motion to Dismiss for Failure to State a Claim, (Doc. 9), and Federal Respondents have filed a Notice of Petitioner's Status and Evolving Circumstances in Lieu of Return of Writ, (Doc. 14).

## I. BACKGROUND

This matter first came before the Court on September 24, 2026, when Petitioner sought emergency injunctive relief because U.S. Immigration and Customs Enforcement ("ICE") had informed her "that it intend[ed] to remove her to Sierra Leone as early as September 28," and "that she may be transferred from Ohio in preparation for that removal as early as September 25 or 26." (Doc. 2, PageID 32).

Petitioner, a native and citizen of Nigeria, was granted withholding of removal by an Immigration Judge on October 1, 2007. (Doc. 1, PageID 19). "She is married to

a United States citizen, is the mother of three United States citizen children, is a pastor, owns a restaurant, and has no criminal history." (*Id.*, PageID 3). On September 11, 2026, ICE issued Petitioner a letter mandating that she appear at the ICE office in Westerville on September 21 "[t]o discuss the status of [her] immigration proceedings." (*Id.*, PageID 21).

According to the Petition, "[w]hen Petitioner reported to ICE as directed on September 21, 2026, ICE took her into custody," and "informed Petitioner that ICE intends to remove her to Sierra Leone, a country with which Petitioner has no ties." (*Id.*, PageID 3). Petitioner sought emergency relief from the Court, and on September 24, Judge Cole ordered Respondents not to remove Petitioner from the Southern District of Ohio. The undersigned subsequently adopted the parties' proposed briefing schedule and ordered Respondents not to remove Petitioner from this District unless or until the Court orders otherwise. (Doc. 12).

On October 30, Respondents filed a Notice of Petitioner's Status and Evolving Circumstances in Lieu of Return of Writ. (Doc. 14). Therein, Respondents acknowledged that they "cannot presently confirm that Petitioner is subject to a technically, legally sufficient final order of removal," and "Return of Writ to Petitioner's petition in Habeas Corpus is premature, at best, as it cannot unequivocally attest to Petitioner's status in the administrative and/or removal process." (*Id.*, PageID 65). Respondents represent that

> This omission may be rectified pursuant to review of audio recordings of the Executive Office for Immigration Review (EOIR) hearing that resulted in the order, that may disclose the immigration judge's oral designation of a

> country of destination. Presently, Respondents cannot confirm such recordings were made, likewise Respondents cannot confirm such recordings can be located and transcribed in less than six weeks' time. See Exhibit A, ("This is a summary of the oral decision entered on 1 OCT 07."); see also EOIR, In the Matter of: Godis, Esther, In Removal Proceedings, "The DHS' Emergency Motion to Clarify and Reissue Order," 10/30/2026, Exhibit B.
>
> In acknowledgement of the foregoing, Respondents represent to this Court and to counsel that Petitioner remains subject to detention pursuant to 8 U.S.C. § 1226, for which she is entitled to a bond hearing as per *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026).

(*Id.*, PageID 66-67).

On that same day, Respondents served Petitioner with a Form I-286, Notice of Custody Determination, and now say that they "will hereafter take affirmative action to recommend Petitioner for a bond hearing before EOIR to be scheduled at the earliest practicable opportunity." (*Id.*, PageID 67). Respondents argue that "[t]he foregoing facts, and affirmative actions can and should render Petitioner's petition in Habeas Corpus moot." (*Id.*, PageID 68). Although the Court previously allowed Petitioner up to and including November 6, 2026, to reply, the record is now clear enough for the Court to issue an opinion without the benefit of additional briefing.

## II. CONTROLLING LAW & ANALYSIS

Under 28 U.S.C. § 2241, district courts possess the authority to grant a writ of habeas corpus to any petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Relevant here, "[a]lthough the court may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the

demands of the Constitution." *Deng Chol A. v. Barr*, 455 F.Supp.3d 896, 901 (D. Minn. 2020) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)); *see Diaz-Calderon v. Barr*, 535 F.Supp.3d 669, 675 (E.D. Mich. 2020) ("It has been well-established for over 100 years that habeas corpus is the vehicle through which noncitizens may challenge the fact of their detention.").

The Court has now heard numerous immigration-detention habeas cases over the course of the last two years, and this Petition presents what is undoubtedly a clear constitutional violation. Respondents did not appeal the grant of withholding to Petitioner in 2007, nor have they taken any legally sanctioned and properly documented action to remove her to a third country in the nineteen years since. Petitioner is neither a criminal nor a fugitive, and Respondents have yet to produce to the Court *any legitimate reason* for Petitioner's arrest and ongoing deprivation of liberty.

Respondents would have the Court allow them to keep Petitioner in custody as they continue to "discuss[] internally the next steps regarding Petitioner's detention and/or terms of release pursuant to a bond hearing." (Doc. 14, PageID 68). That is out of the question. This is not a case in which the parties disagree over statutory terms or the record evidence is unclear. This is a case of unlawful executive detention that stands in stark violation of Petitioner's constitutional rights, and "[t]he proper remedy for unlawful executive detention is release." *Guerra v. Mullin*, 2026 U.S. Dist. LEXIS 231032, at *13 (W.D. Ky. Oct. 8, 2026); *cf. Cala v. Blanche*, 2026 U.S. Dist. LEXIS 292587, at *9-10 (C.D. Cal. Sep. 8, 2026).

## III. CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, (Doc. 1), is **GRANTED** in full. The Emergency Motion for a Preliminary Injunction, (Doc. 2), is **GRANTED** to the extent it remains outstanding, and the Motion to Dismiss for Failure to State a Claim, (Doc. 9), is **DENIED** as moot.

Respondents are **ORDERED** to **immediately release** Petitioner from custody and are **ENJOINED** from imposing any condition of release that did not exist prior to Petitioner's unlawful arrest.

Respondents **SHALL** file a status report with the Court on or before November 4, 2026, to certify compliance with this Order. Furthermore, Respondents are **ENJOINED** from re-detaining Petitioner, absent exigent circumstances, without first providing notice and a pre-deprivation hearing.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge